ELIZABETH ASHHURST

*v.*

WILLIAM HUBLEY POTTER et al.

Testator devised his residuary estate to his executors, to be equally divided among his five children, the shares of the sons to be paid to them respectively when they attained the age of twenty-one, the daughters to receive the interest

on their respective shares yearly during their lives; "but if either of them die
without issue, her share is to go to her surviving brothers and sister equally
to be divided between them."—*Held*, that on the death of a daughter without
issue after the death of a brother who left children, such children were not
entitled to any part of the daughter's share, and this share will go to a sur-
viving brother and sister of the deceased daughter.

On bill, answer and replication.

*Mr. William M. Lanning*, for the complainant.

*Mr. Charles E. Gummere* and *Mr. Francis Rawle* (of the
Philadelphia bar), for the defendants William H. Potter, Fidelity
Insurance Company et al.

*Mr. S. Meredith Dickinson* and *Mr. A. T. Freedley* (of the
Philadelphia bar), for the defendants Thomas F. Potter et al.

EMERY, V. C.

This case involves the construction of the residuary clause of
the will of Thomas F. Potter, and the disposition of a *corpus*
or principal fund, in which Alice Potter Lippincott, one of the
testator's daughters, had a life interest. She is now deceased,
and the precise question is whether the fund in which, by the
residuary clause, she had a life interest, is to be equally divided
between a brother, William Hubley Potter, and a sister, Elizabeth
Ashhurst, the complainant, who survived Alice Lippincott, as
the persons solely entitled to the fund, or whether the children
of a brother, John Potter, who died after the testator, and before
his sister, Alice Lippincott, are also entitled to share in the fund.
The fund is now in the court of chancery, which is administer-
ing the trust through Hugh H. Hamill, esquire, and the com-
plainant, Mrs. Ashhurst, files this bill, praying payment of one-
half of the fund to her, making defendants to the bill William
Hubley Potter, the surviving brother, and also the children of
John Potter, the deceased brother, who claim one-third of the
fund as vested in their father on the death of the testator, and
therefore passing to them. The husband of Alice Lippincott
and the assignees of William Hubley Potter, are also parties.

39

Ashhurst *v.* Potter.

The portions of the will which are material to the decision of the case are as follows:

"*Fourth.* I give and bequeath unto my executors hereafter named, and the survivors or survivor of them, the sum of fifty thousand dollars, in trust nevertheless, and for the use of my son, James Potter, in order to put him upon a footing of equality with my other children, for whom provision has been made by the will of their grandfather, the said sum of fifty thousand dollars to be paid to him when he arrives at the age of twenty-one; the interest in the meantime, or so much thereof as may be necessary for that purpose, to be applied to his education and support.

"*Fifth.* All the rest and residue of my estate real and personal, wherever it may be situated, and of whatever it may consist, I give and devise unto my said executors, and the survivors or survivor of them, in trust nevertheless, and for the use of my children John Potter, William Hubley Potter, Elizabeth Potter, Alice Potter and James Potter, and to be equally divided between them, share and share alike; the shares of my said sons to be paid to them respectively as they attain the age of twenty-one, the interest in the meantime, or so much thereof as may be necessary for that purpose, to be applied by my executors to their education and support; but in the case of my said daughters, my will is, that the interest of their respective shares is to be paid to them yearly during their lives, and in case they should marry, not to be under the control of their husbands or liable for their debts; and upon the death of my said daughters, their respective shares are to be equally divided among their children; but if either of them die without issue, her share is to go to her surviving brothers and sister equally to be divided between them."

Alice Potter Lippincott, one of the daughters, has died without issue, leaving her surviving one brother and her sister, and also the children of another brother, all claiming under the last clause of the fifth item.

The construction of this will seems to come within the application of the general rule of construction recognized by Chancellor McGill in *Dutton* v. *Pugh, 18 Stew. Eq. 426, 431 (1889),* as established by the cases there referred to. This rule is, that where there is a devise or bequest for life, followed by a devise or bequest to " survivors " at the termination of the life estate, the word " survivors," in its natural and ordinary meaning, refers to the survivors at the time of distribution; and unless, upon taking the whole will into consideration, the word is plainly used in some other sense, this ordinary and natural construction must prevail.

The special clause in controversy here is this: " If either of them (my said daughters) die without issue, her share is to go to her surviving brothers and sister equally to be divided between them." This is the clause indicating, primarily and directly, who is to take a daughter's share on her death without issue; and, reading this clause alone, it is, I think, impossible to say that the idea of survivorship of his daughters was not in the testator's mind, and that testator did not intend that any one of the brothers and sister who were to take should survive the sister. If this be so, then, as Lord Selbourne says, in *Waite* v. *Littlewood, L. R, 8 Ch. App. 70, 73 (Court of Appeals, 1872)*, there is undoubtedly a strong *onus probandi* cast upon anyone who would do violence to the literal meaning of that word. Counsel for the children of John Potter, admitting the general rule, and also the burden of proof cast upon these children, claim that this construction of the word "survivor" is negatived by other portions of the will and by the general scheme of the whole will, which, as they claim, clearly establish that the words "surviving" brothers and sister, as used here, meant "other" brothers and sister, and that, therefore, the estate in remainder vested in such "other" brother or sister immediately on the testator's death, without reference to his or her surviving the life tenant, Alice. And many cases have been collected in the very able and exhaustive brief of Mr. Freedley, in which courts have, on a survey of the whole will, construed the word "survivor" as meaning "other." *Smith* v. *Osborne, 6 H. L. Cas. 375*, and *Waite* v. *Littlewood, supra*, are illustrations of this class of cases. But these cases, almost, if not entirely, without exception, have been cases where the words "survivor" and "other" were equally apt and proper words to be used in designating the children or other relatives who were the objects of the gift over. A testator, for example, after a life estate given to *one* of his children, might well, in a gift over to his "surviving children," intend his "*other* children," and they would be properly designated as the children "other" than the life tenant. But in this case the word "other," as applied to the brothers and sister of Alice, would be a misapplication of terms, inas-

much as the previous estate was that of the life tenant herself, and not an estate in *one* of her brothers or sister. One of her brothers or sister must first be designated by the testator as the life tenant, in order that there may be other "brothers and sister." To construe "surviving" as meaning "other" brothers and sister, in this case, would, therefore, impute to the testator not simply the intention to use a word which did not express the idea of survivorship, but the intention to substitute another word, which is, strictly speaking, inappropriate.

In fact, it seems clear in this case that, in order to treat the estates limited over after the death of either daughter without issue as vested in the testator's other children from the time of the testator's death, it will be necessary either to strike from the will altogether the word "surviving" or to adopt, in lieu of this word, not the word "other," but some form of words such as "above named," or "said," or their equivalent. Either of these methods of construction altogether eliminate from the direct primary bequest to the surviving brothers and sister, not only the word "surviving," but also the whole idea of survivorship of his daughter, which seems clearly to have been in the testator's mind in designating the objects of the gift-over, and neither of them should be adopted in the absence of clear and controlling expressions in other portions of the will.

Counsel urge very strongly that unless this word "surviving" is read as "other" or "other-named" brothers and sister, there must be an intestacy as to this *corpus*, because the bequest over being "to her surviving brothers and sister," and there being but one brother surviving her, the clause of the will cannot be literally construed and an intestacy must result. But in the first place, it seems to me that the gift to surviving brothers must naturally be taken as including all or any surviving brother just as a gift to surviving children would naturally include a single surviving child as one of the objects of bounty. I therefore read this clause as certainly reaching a surviving brother and sister. Whether it can also be read surviving brother *or* sister in order to save what is claimed to be a possible intestacy hereafter as to Mrs. Ashhurst's share, if a literal interpretation of

Ashhurst v. Potter.

the clause is insisted on, need not now be considered. For, as it seems to me, counsel in reference to the occurrence of intestacy under any construction of this clause overlooks the fact that by the order and arrangement of the devises in the residuary clause an intestacy is provided against. The testator first vests in his daughters an absolute ownership of their shares of the same character as the ownership of the sons in their shares, and the subsequent clauses limiting the terms of this gift to a life interest in the daughters, with a bequest over, will take effect only so far as they fairly extend to control the previous gift of absolute ownership. So far as they do not extend or apply, by any fair or reasonable construction of the whole will, then the previous absolute devises or bequests will remain unaffected by the subsequent limitations. In this respect, this will differs from those in which the terms of the limitation over were the only portions of the will applicable to the disposition of the estate. In such cases, the construction of the will rests, to some extent, on the presumption against intestacy.

There remains to be noticed the argument that the general scheme of the will shows an intention to establish equality among the testator's children, and that a construction of that part of the residuary clause now in question, which excludes the children of a deceased (child) from participation in the estate limited over, is opposed to this idea of equality. This argument, as applied to the present dispute, seems to me to beg the very question in issue. So far as relates to the original share of the residuary estate, the brothers are put on a basis of equality, both as to shares and extent of estate, but the sister's original share is made unequal in extent by being limited to a life interest. The estate in remainder, in the share given to the sisters, is a new subject of disposition, as to which the testator has disclosed no intention whatever, except by the clause now in dispute. This clause gives the remainder, as he might well have intended to give it, to the surviving brothers and sister of a daughter dying without issue and without reference to the children of a deceased brother. Nowhere in the will have the children of the sons been mentioned as objects of the testator's bounty, and as the

words of the limitation over in their natural construction exclude these children, the theory that they must be so construed as to include them in order to effectuate a supposed intention of the testator to equalize the brothers and their respective children as to this share, seems to me to be without foundation.

I will therefore advise decree that under the will the surviving brother and sister take equal shares in the funds so limited over, to the exclusion of the children of John Potter.

This will not include any portion of the fund which Alice Potter Lippincott was entitled to receive as her one-fifth share in the estate of her brother James Potter, who died after testator's death and in her lifetime. This one-fifth she held absolutely, and unless otherwise disposed of by her will, goes to her husband, the defendant J. D. Lippincott, as executor of his wife. The terms of this will are not set out in the pleadings, and as a portion of the interest of William H. Potter in the estate now in dispute has been assigned in trust, and the other defendants are interested, the form of decree should be settled on notice.